IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No.: 1:23-CV-00340 |
| SPRING HILL COLLEGE, ) | |
| CRAIG MCVEY, ) | |
| WILLIAM ROBERT TATE, ) | |
| TERRENCE JOSEPH GENNARI, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT WILLIAM ROBERT TATE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED WITH FICTITIOUS NAME**

COMES NOW Defendant William Robert Tate ("Defendant"), by and through his undersigned counsel of record, and files this Response in Opposition to Plaintiff's Motion to Proceed with Fictitious Name (Doc. 12). In support, Defendant offers the following:

1. Plaintiff's Motion to Proceed with Fictitious Name (Doc. 12) contains no legal precedent and does not meet the essential elements to support carrying forth a lawsuit under a fictitious name.

2. At the outset, Rule 10 of the *Federal Rules of Civil Procedure* provides that a "complaint must name all the parties." Based on this rule, "parties to a lawsuit must identify themselves in their respective pleadings." *Doe v. Frank,* 951 F.2d 320, 322 (11th Cir. 1992). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011).

1

3. The Eleventh Circuit has recognized that a court may permit a plaintiff to proceed anonymously only in an exceptional case. *A.W. v. Tuscaloosa City Sch. Bd. of Educ.*, 744 Fed. App'x. 668, 670 (11th Cir. 2018). "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (*citing Frank*, 951 F.2d at 323 (*quoting Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Aug. 1981))).

4. The Eleventh Circuit has articulated six different factors when evaluating whether to let a plaintiff proceed to trial anonymously: (1) are the plaintiffs challenging governmental activity; (2) will the plaintiffs be required to disclose information of the utmost intimacy; (3) will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution; (4) are the plaintiffs minors; (5) are the plaintiffs threatened with violence or physical harm by proceeding in their own names; and (6) whether the plaintiffs anonymity poses a unique threat of fundamental unfairness to the defendant. *Francis*, 631 F.3d at 1316.

5. In the present case, Plaintiff seems to argue that two of the six factors apply here – (2) the disclosure of information of the utmost intimacy; and (5) the threat of physical harm. Neither one applies or supports Plaintiff's request for anonymity.

6. As to factor (2) the disclosure of information of the utmost intimacy, Plaintiff argues that this case "involves matters that are highly sensitive and of a personal nature" and Plaintiff "is experiencing intense humiliation and embarrassment due to the publication of the intimate material". [Doc. 12]. However, the Eleventh Circuit has stated that "personal embarrassment" alone is not enough for leave to proceed anonymously. *Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019). The Eleventh Circuit has provided that "information of the utmost intimacy" applies to

cases involving issues such as abortion, *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001), and prayer and personal religious beliefs, *Stegall*, 653 F.2d at 186. Courts have often denied the protection of anonymity in cases where plaintiffs have alleged sexual assault, even when revealing the plaintiff's identity may cause them to "suffer some personal embarrassment." *Frank*, 951 F.2d at 324. *See Sheely*, 781 F. App'x at 974.

7. Plaintiff has not identified any information which this Court could deem of the "utmost privacy" and has not demonstrated any reason why he has a privacy interest which would be strong enough to override the judicial presumption of openness. Because Plaintiff has not stated any reason for anonymity under the "utmost privacy" factor other than embarrassment and humiliation, he has not carried his burden of showing a need to proceed anonymously.

8. As to factor (5) the threat of physical harm, Plaintiff argues that "he is vulnerable to the harms of disclosure given he is still a student at Spring Hill College and his identification poses a risk of retaliation and mental or physical harm." [Doc. 12]. However, Plaintiff has presented no evidence of any kind supporting this assertion. Plaintiff's assertions of mental or physical harm are purely conjectural. Plaintiff has not identified any real danger or physical harm nor has he indicated who would actually pose a threat of physical harm to him. There is no evidence to support that Plaintiff has been threatened with physical harm by the wider general public and humiliation or embarrassment are not the types of harm this Circuit contemplates when evaluating real physical harm. Furthermore, the persons most directly affected by, or interested in, Plaintiff's allegations already know Plaintiff's identity.

9. To the contrary, Plaintiff's anonymity poses a unique threat of fundamental unfairness to Defendant Tate. As noted in *Francis,*

> [The plaintiff] has denied [the defendant] the shelter of anonymity--yet it is [the defendant], and not the plaintiff, who faces disgrace if the complaint's allegations

3

> can be substantiated. And if the complaint's allegations are false, then anonymity provides a shield behind which defamatory charges may be launched without shame or liability.

*Francis,* 631 F.3d at 1315 (*quoting Doe v. Smith,* 429 F.3d 706, 710 (7th Cir.2005)). Further,

> [F]undamental fairness requires that a plaintiff not be allowed to remain shielded by anonymity while attacking a defendant who is disadvantaged by his public identification.... "[t]he public charges included in a civil lawsuit can cast a shadow over the defendants' reputation until the case is resolved, leading to adverse publicity and the forced disclosure of certain public information that the defendants might prefer to keep private."

*Doe v. Family Dollar Stores, Inc.*, No. 1:07-CV-1262-TWT-CCH, 2007 WL 9706836, at *3 (N.D. Ga. Oct. 17, 2007).

10. The nature of Plaintiff's claims against Defendant Tate coupled with the request to proceed using a fictitious name reveal that Plaintiff is taking factual positions that are inherently contradictory and further demonstrates the fundamental unfairness to Defendant. Two of Plaintiff's claims against Defendant are Libel (Count XI) and Slander (Count XIII). The factual allegations in support of these claims against Defendant involve the use of certain slurs typically directed towards someone whose sexual orientation is something other than heterosexual. Indeed, the derogatory use of the slurs are inappropriate and should not be condoned by anyone. If these alleged slurs were used and were, in fact, directed towards Plaintiff who is heterosexual, then Plaintiff's true sexual orientation is not actually at issue in this case and there is no reason to proceed using a fictitious name. On the other hand, if these alleged slurs were used and were, in fact, directed towards Plaintiff who is not heterosexual, then Counts XI and XIII have no merit because truth is a complete defense to any civil action for defamation (whether it be libel or slander). Plaintiff cannot have it both ways.

11. Plaintiff is correct that the media is aware of this lawsuit and that several stories have been published because of it. However, it is Defendant Tate's name and reputation, not the

4

Plaintiff's, that is being discussed in these articles because Plaintiff did not afford Defendant the same anonymity he now requests of this Court when filing his lawsuit. There is no basis whereby the Plaintiff should be granted anonymity which provides him a shield behind which to launch his unfounded allegations without shame or liability when the same was not given to Defendant Tate. Fundamental fairness requires that Plaintiff not be allowed to remain shielded by anonymity while attacking Defendant Tate who is disadvantaged by his public identification.

WHEREFORE, the above premises considered, Defendant requests this Court deny Plaintiff's Motion to Proceed with Fictitious Name John Doe in these proceedings.

Respectfully submitted,

/s/ Curtis H. Seal
Curtis H. Seal (ASB-8112-P19S)
*Attorney for Defendant William Robert Tate*

**OF COUNSEL**:
WHITE ARNOLD & DOWD P.C.
2001 Park Place North
Suite 1400
Birmingham, Alabama 35203
Phone: (205) 323-1888
Fax: (205) 323-8907
E-mail cseal@whitearnolddowd.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on this the 10th day of October 2023, I electronically filed the foregoing with the ECF e-filing system which will send notification of such filing to all counsel of record. Non-ECF Parties to receive by mail.

Jamie A. Johnston PC
509 Cloverdale Road, Suite 101
Montgomery, Alabama 36106
jamie@jjohnstonpc.com
*Attorney for Plaintiff*

James C. Pennington
OGLETREE DEAKINS
420 20th Street North, Suite 1900
Birmingham, Alabama 35203
James.pennington@ogletreedeakins.com
*Attorney for Defendants*
*Craig McVey & Spring Hill College*

Terrence Joseph Gennari
289 Oaklyn Hills Drive
Chelsea, Alabama 34053
*Pro Se*

              */s/ Curtis H. Seal*
              OF COUNSEL