# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:23-CV-340 |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| SPRING HILL COLLEGE, ) | |
| CRAIG MCVEY, ) | |
| WILLIAM ROBERT TATE, ) | |
| TERRENCE JOSEPH GENNARI. ) | |
| | |
| **Defendants.** | |

## PLAINTIFF JOHN DOE'S RESPONSE TO DEFENDANTS WILLIAM ROBERT TATE, SPRING HILL COLLEGE AND CRAIG MCVEY'S REPLIES IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER A FICTITIOUS NAME

COMES NOW PLAINTIFF JOHN DOE, by and through undersigned counsel, and offers the following collective response to Defendants William Robert Tate, Spring Hill College and Craig McVey's replies in opposition to Plaintiff's Motion to Proceed under a Fictitious Name. As shown herein, and in Plaintiff's prior submissions to this Court, he should be permitted to proceed under a fictitious name given the totality of the circumstances.

### *Defendants Spring Hill College and Craig McVey*

Initially Defendants Spring Hill College and Craig McVey did not express a position as to the Plaintiff's request to proceed anonymously; however, most recently those Defendants submitted a Response to Plaintiff's Supplemental Motion to Proceed with Fictitious Name (Doc. 24). Briefly, Plaintiff will address the points raised therein.

### *Request for Mental Health Records*

In its reply, Spring Hill College expresses an intent to compel production of Plaintiff's mental health records and provider's testimony. Plaintiff's mental health records and corresponding testimony are all privileged and the Plaintiff has not and does not intend to waive the privilege. In *Jaffee v. Redmond,* 518 U.S. 1923 (1996), the United States Supreme Court recognized privilege with respect to mental health records and testimony. In *Jaffee*, the Court held that Federal Rule of Evidence 501 authorizes federal courts to extend a privilege to confidential communications between licensed psychotherapists and their patients made during diagnosis or treatment. Plaintiff here is receiving psychotherapy from a licensed independent clinical social worker. Because there is a federal psychotherapist privilege that extends to psychotherapy records between a licensed social worker and his/her patient, the Plaintiff's mental health records are privileged and non-discoverable.

Likewise, Plaintiff's LICSW cannot be compelled to testify. *See Jane Student 1 v. Williams,* 206 F.R.D. 306 (S.D. Ala. 2002).

Not only is there a federally recognized privilege for those records and related testimony, Ala. Code also § 34-8A-21 provides:

> For the purpose of this chapter, the confidential relations and communications between licensed professional counselor or certified counselor associate and client are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed.

The Court in *Ex parte Holm*'s approach followed that of other cases interpreting Ala. Code §34-26-2, stating:

> The privilege afforded a licensed professional counselor and his or her client pursuant to § 34-8A-21 is the same as that afforded under § 34-26-2, and, therefore, we treat the parties' arguments and the determinations in the trial court's November 9, 2018, order as if they referred to § 34-8A-21, which is applicable in this matter.
>
> The privilege set forth for licensed professional counselors and their clients under § 34-8A-21, like the privilege set forth in § 34-26-2, is "placed upon the same basis as those provided by law between attorney and client."
>
> Similarly, Rule 503A, Ala. R. Evid., also extends, subject to certain exceptions, a privilege to refuse to disclose confidential communications between a licensed professional counselor and his or her client.
>
> *Ex parte Holm,* 283 So. 3d 776 (Ala. Civ. App. 2019).

The American Psychological Association ("APA") Ethical Principles of Psychologists and Code of Ethics ("APA Code of Ethics") has been adopted by the Alabama Board of Examiners in Psychology, *see* Ala. Code §34-26-3 (1975); see also Ala. Admin. Code r. 750-X-6-.02. The APA Code of Ethics includes a provision that mandates upon psychologists and those rendering psychotherapy services a primary obligation to take "reasonable precautions to respect the confidentiality rights of those with whom they work or consult, recognizing that confidentiality may be established by law, institutional rules, or professional or scientific relationships." Ala. Admin. Code r.750-X-6, App. II, 5.02 (2005).

The same privilege is also recognized in judicial proceedings. Generally mental health records and treatment remain privileged even in judicial proceedings such that the records remain confidential during discovery and excludable as trial evidence. The privilege is likened to that of the attorney-client privilege. Ala. Code §34-26-2; Rule 503, Ala. R. Evid., *Ex parte Northwest Ala. Mental Health Ctr.,* 68 So. 3d 792, 796 (Ala. 2011).

In *Ex parte Johnson,* 219 So. 3d 655 (Ala. Civ. App. 2016) the Alabama Court of Civil Appeals found that a psychologist's motion to quash a subpoena was due to be granted based on confidentiality concerns. The Court noted:

> Our legislature has adopted the following **psychotherapist-patient privilege**:

4

> "[T]he confidential relations and communications between licensed psychologists, licensed psychiatrists, or licensed psychological technicians and their clients are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed."

Ala. Code 1975, § 34–26–2. The Alabama Rules of Evidence also recognizes such a privilege. See Rule 503, Ala. R. Evid.

Although [the psychologist] has discussed the child's condition with the former wife and the former husband, she avers that the child, not the former wife or the former husband, is her patient. Thus, the privilege belongs to the child and only he may waive it. T.O., 898 So.2d at 711. [The psychologist] avers in her petition that the child has not waived the privilege.

As the Alabama Supreme Court has stated:

> 'This privilege provides a patient the right to refuse to disclose, and to prevent others from disclosing, confidential communications between the patient and psychotherapist made for the purpose of diagnosis or treatment of the patient's mental condition, and it encompasses notes or records made by the psychotherapist. *Ex parte Rudder*, 507 So.2d 411 (Ala. 1987). ...
>
> "'... It follows that the privilege is not easily outweighed by competing interests.
>
> " ' "Statutes such as § 34–26–2 are intended to inspire confidence in the patient and encourage him in making a full disclosure to the physician as to his symptoms and condition, by preventing the physician from making public information that would result in humiliation, embarrassment, or disgrace to the patient, and are thus

> designed to promote the efficacy of the physician's advice or treatment. The exclusion of the evidence rests in the public policy and is for the general interest of the community."
>
> " '*Ex parte Rudder*, [507 So.2d 411, 413 (Ala. 1987) ]....' "

*Ex parte T.O.*, 898 So.2d 706, 710–11 (Ala. 2004) (quoting *Ex parte United Serv. Stations, Inc.*, 628 So.2d 501, 503-04 (Ala. 1993)) (emphasis omitted).

The privilege codified at Ala. Code 1975 Section 34-8A-21 bars the discovery of Plaintiff's mental health records and related testimony. By law and Plaintiff's LISCW's ethical obligations, the LISCW cannot provide any records or testimony concerning the confidential and privileged information obtained through appointments with her patients. Alabama courts have indicated that the strength of the public policy on which the statutory psychotherapist-patient privileged is well recognized. It follows that the privilege is not easily outweighed by competing interests. *Ex parte United Serv. Stations, Inc.*, 628 So. 2d 501, 504 (Ala. 1993).

The Court has stated in *Ex parte Western Mental Health Center:*

> [A] psychiatrist must have his patient's confidence, or he cannot help him. The psychiatric patient confides more utterly than anyone else in the world. He exposes to the therapist not only what his words directly express; he lays bare his entire self, his dreams, his fantasies, his sins, and his shame. Most patients who undergo psychotherapy know that this is what will be expected of them, and that they cannot get help except on that condition…It would be too much to expect them to do so if they know that all they

> say, and all that the psychiatrist learns from what they say – may be revealed to the whole world from a witness stand.

*Ex parte Western Mental Health Center,* 884 So. 2d 835 (Ala. 2003)

In *Ex parte Western Mental Health Clinic,* the Court interpreted Ala. Code §34-26-2 recognizing exceptions to coverage in "(1) child custody cases in which the mental state of a parent is at issue; (2) a criminal case plea of insanity; (3) psychiatric commitment proceedings; (4) communications relevant in proceedings to hospitalize a patient for mental illness; and (5) a case involving breach of duty arising out of the psychotherapist-patient privilege." *Ex parte Western Mental Health Center,* 884 So. 2d at 840-841. None of the recognized exceptions apply here.

The Alabama Supreme Court reiterated the importance of the privilege in its discussion in *Ex parte Rudder,* 507 So. 2d 411, 413 (Ala. 1987) where the Court stated:

> It is not disputed that the medical records, created during the psychiatrist-patient relationship, are included in the confidential relationship and are also privileged. *See Horne v. Patton*, 291 Ala. 701, 287 So.2d 824 (1973); 10 A.L.R.4th 552 Physician-Patient Privilege as Extending to Patient's Medical or Hospital Records (1981). Statutes such as § 34–26–2 are intended to inspire confidence in the patient and encourage him in making a full disclosure to the physician as to his symptoms and condition, by preventing the physician from making public information that would result in humiliation, embarrassment, or disgrace to the patient, and are thus designed to promote the efficacy of the physician's advice or treatment. The

7

exclusion of the evidence rests in the public policy and is for the general interest of the community. See 81 Am. Jur.2d Witnesses § 231 at 262 (1976); Annot., 44 A.L.R.3d 24 Privilege, in Judicial or Quasi-judicial Proceedings, Arising from Relationship Between Psychiatrist or Psychologist and Patient (1972). "[A] psychiatrist must have his patient's confidence, or he cannot help him. 'The psychiatric patient confides more utterly than anyone else in the world. He exposes to the therapist not only what his words directly express; he lays bare his entire self, his dreams, his fantasies, his sins, and his shame. Most patients who undergo psychotherapy know that this is what will be expected of them, and that they cannot get help except on that condition. * * * It would be too much to expect them to do so if they knew that all they say—and all that the psychiatrist learns from what they say—may be revealed to the whole world from a witness stand.'" *Taylor v. United States*, 222 F.2d 398, 401 (D.C.Cir.1955), quoting Guttmacher and Weihofen, *Psychiatry and The Law* (1952), p. 272.

The Alabama Rules of Civil Procedure recognize the importance of preserving confidential relationships and confidential information arising therefrom, by providing that privileged matters are not subject to discovery:

"RULE 26. GENERAL PROVISIONS GOVERNING DISCOVERY. "... *414 "(b) Scope of discovery. ... [T]he scope of discovery is as follows: "(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party...." (Emphasis added) McCormick on Evidence, § 72 at 171 (1984), notes that evidentiary privileges do not aid in the ascertainment of truth but are justified because they protect interests and relationships

8

> which, rightly or wrongly, are regarded as of sufficient social importance to justify some incidental sacrifice of sources of facts needed in the administration of justice.

*Ex parte Rudder,* 507 So. 2d 411, 413 (Ala. 1987)

There is no question that the Plaintiff's mental health records and treatment are privileged and not discoverable. Accordingly, Spring Hill College's reliance on its alleged need for mental health records and corresponding testimony to prohibit Plaintiff from maintaining his anonymity is misplaced.

### *Informal Investigation*

Next, Spring Hill College argues that the Plaintiff must identify himself in these proceedings because Spring Hill College needs to investigate claims by informal means (i.e., gathering public documents and interviewing potential witnesses). This argument also fails given Spring Hill College's prior knowledge of the incidents and witnesses. Spring Hill College was placed on notice of Plaintiff's claims on multiple occasions.

Spring Hill College had the opportunity (and quite frankly) the obligation to investigate Plaintiff's claims. Plaintiff provided Spring Hill College lists of witnesses and details of what he was enduring. To claim now that he cannot proceed anonymously because Spring Hill College needs an opportunity to investigate is not a reasonable basis for public disclosure and exposing Plaintiff to the harm, shame, embarrassment and interrupting his right to practice his religion.

9

Moreover, to the extent the other defendants make the same argument, the interviewing of witnesses can be done in a controlled manner without forcing Plaintiff to publicly display his name in these legal proceedings or the disclosure of the lawsuit to witnesses.

### *Defendant William Robert Tate's Replies*

Defendant Tate's replies fail to recognize the Eleventh Circuit's ruling in *Doe v. Neverson,* 820 Fed. Appx. 984 (11th Cir. 2020) which found social stigma is enough. "While the Eleventh Circuit has held that personal embarrassment alone is not a sufficient basis for allowing a plaintiff to proceed anonymously, the Court has held that "social stigma' is enough. *Doe v. Neverson*, 820 Fed. Appx. 984 (11th Cir. 2020)". Plaintiff John Doe here has shown not only the risk of social stigma but multiple other bases for allowing him to maintain his anonymity.

Similarly, Defendant Tate incorrectly states that Plaintiff has shown no evidence of harm. However, Defendant Tate ignores the Plaintiff being subjected to the documented occasions of Plaintiff being approached while jogging on the side of the street and being called "faggot" while running, threats made toward Plaintiff leading up to the filing of the lawsuit as detailed in the Amended Complaint, the efforts Defendant Tate made to determine Plaintiff's whereabouts before and after the filing of the Amended Complaint, and the history of violence from protestors on both sides of the issue. Not only does Plaintiff face a significant risk of further mental

anguish, depression, and anxiety, he also risks physical harm should he not be able to proceed anonymously.

Defendant Tate also incorrectly tries to rely on the fact the Defendants know his identity as a basis to require Plaintiff's identity to publicly be made known. The Eleventh Circuit clearly states where the Plaintiff is known, and he plans to fully cooperate with discovery subject to a protective order the Defendants face no fundamental unfairness. *See Plaintiff B v. Francis,* 631 F. 3d 1310, 1319 (11th Cir. 2011).

In terms of Defendant Tate's position that because there is a homosexual act claim and an assault cause of action presented, Plaintiff must reveal his identity, Defendant Tate is mistaken. As explained by Plaintiff Doe given any male-on-male encounters are against his religion and associating himself publicly with those allegations would be contrary to his religious beliefs and jeopardize his right to practice his religion. Homosexual acts and intimate sexual based matters have been deemed to be acts of "utmost intimacy". *Plaintiff B v. Francis,* 631 F. 3d 1310, 1320 (11th Cir. 2011). The Eleventh Court held in cases involving "utmost intimacy" the normal practice of disclosing plaintiff's identity gives way to protecting the identity. *Id.* Because this case involves acts of "utmost intimacy" against the religious values of Plaintiff's religion, there is no question that he should be permitted to proceed anonymously. Here, the Plaintiff is a devout Seventh Day Adventist who comes from

a devout Seventh Day Adventist family. The very nature of his allegations would be sufficient to bring harm and shame to Plaintiff and his family under the cultural/religious traditions that he and his family practices.

Defendant Tate attempts to argue Plaintiff Doe must dismiss some of his claims if he proceeds anonymously. He misrepresents the Plaintiff's sexual orientation as detailed in the Libel and Slander causes of action and in court filings. Defendant Tate falsely states proceeding anonymously prevents the Plaintiff from pursuing libel and slander causes of action. That argument, while denied, does not have any bearing on the issue before the Court which is whether the Plaintiff's identity must be revealed. Nevertheless, and moreover, Plaintiff's sexual orientation is not a basis for dismissal of any causes of action.  In the Amended Complaint, Plaintiff Doe explains the "homosexual acts" he was forced to engage in against his will. Having to identify himself publicly given those acts and Plaintiff's religion Plaintiff and his family would necessarily endure shame and harm.

It is clear the balancing of the factors to be considered weighs heavily in support of Plaintiff being allowed to proceed anonymously in these proceedings.  If Plaintiff is required to identify himself in these proceedings, then he would be unable to engage in his religious practices as he currently is able to do so because of the anonymity. Plaintiff and his family would necessarily face personal embarrassment, shame and harm if Plaintiff is unable to continue utilizing the fictitious name John

Doe in these proceedings. Likewise, Plaintiff's anxiety and mental illness would be exacerbated requiring additional medical and mental health care should the motion be denied.

**WHEREFORE, the above premises considered**, Plaintiff John Doe moves this Court to allow him to proceed anonymously during these proceedings and for all other relief he may be entitled.

*/s/ Jamie A. Johnston*
_____
JAMIE A. JOHNSTON(JOH164)

**OF COUNSEL:**
Jamie A. Johnston PC
509 Cloverdale Road Suite 101
Montgomery, Alabama 36106
334.202.9228
334.265.8789 – facsimile
jamie@jjohnstonpc.com

MAILING ADDRESS:
PO Box 4663
Montgomery, Alabama 36103

## CERTIFICATE OF SERVICE

On October 29, 2023, a copy of the foregoing has been filed with the Court's electronic filing system which shall generate a copy to the following counsel of record:

Lana E. Bell
Lisha Graham
Chris Hendrix Seal
2001 Park Place North
Suite 1400
Birmingham, Alabama 35203

Amy Glenos
James C. Pennington
Ogletree Deakins
420 20th Street North
Suite 1900
Birmingham, Alabama 35203
James.pennington@ogletreedeakins.com
Amy.Glenos@ogletreedeakins.com

/s/ Jamie A. Johnston
_____
OF COUNSEL