IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 23-00340-JB-N |
| | ) |
| SPRING HILL COLLEGE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiff John Doe's Motion to Proceed with Fictitious Name. (Doc. 12). The Court conducted a hearing, at which counsel for Plaintiff and Defendants Spring Hill College, Craig McVey and William Robert Tate appeared and argued. Upon due consideration of the filings and the oral arguments of the parties, and for the reasons set out herein, the Court concludes that the Motion to Proceed with Fictitious Name is DENIED.

## DISCUSSION

Rule 10 of the Federal Rules of Civil Procedure provides that a "complaint must name all the parties." Based on this rule, "parties to a lawsuit must identify themselves in their respective pleadings." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011).

A court may permit a plaintiff to proceed anonymously only in an exceptional case. *A.W. v. Tuscaloosa City Sch. Bd. of Educ.*, 744 Fed. App'x. 668, 670 (11th Cir. 2018). "The ultimate test

for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" Id. (citing Frank, 951 F.2d at 323 (quoting Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. Aug. 1981))).  "Whether a party's right to privacy outweighs the presumption of openness is a 'totality-of-the-circumstances question.'"  Doe v. Neverson, 820 F. App'x 984, 986 (11th Cir. 2020) (quoting In re Chiquita Brands Int'l Inc., 965 F.3d 1238, 1247 n.5 (11th Cir. 2020)).

Courts consider six different factors when evaluating whether to let a plaintiff proceed to trial anonymously.  Plaintiff B v. Francis, 631 F.3d 1310, 1316 (11th Cir. 2011).  Plaintiff contends two of those six factors apply in this case: (1) the Plaintiff will be required to disclose matters of the "utmost intimacy," and (2) the Plaintiff will suffer harm if he were to proceed in his own name. (Doc. 20).  First, the Court will address whether Plaintiff will be required to disclose matters of the "utmost intimacy."  Then, the Court will turn to whether Plaintiff will suffer harm if his name was to be disclosed to the public.

 A. <u>Matters of the Utmost Intimacy</u>

Courts in the Eleventh Circuit have provided that "information of the utmost intimacy" applies to cases involving issues such as abortion, prayer and personal religious beliefs.  See Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001), Stegall, 653 F.2d at 186. Further, "Courts have permitted plaintiffs to proceed anonymously in cases involving mental illness, homosexuality, and transsexuality" because "the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings." Neverson, 820 Fed. Appx. 984 (quoting Frank, 951 F. 2d at 324).  However, Courts have denied the protection of anonymity in cases where plaintiffs have alleged sexual assault,

even when revealing the plaintiff's identity may cause them to "suffer some personal embarrassment." *See Frank*, 951 F.2d at 324, and *Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. Sept. 3, 2019).

Plaintiff claims the nature of his allegations would be sufficient to bring harm and shame to him and his family because of his religious beliefs as a Seventh Day Adventist. (Doc. 20). Plaintiff states he will be required to discuss the alleged homosexual acts which were committed against him and sexually based communications all of which he contends are against his religious beliefs and qualify as matters of the "utmost intimacy." (Doc. 20).

The Court disagrees. While some courts have permitted plaintiffs to proceed anonymously in cases involving the homosexuality of the plaintiff because of the "social stigma" surrounding such disclosures here, Plaintiff has not claimed that he is a homosexual. Instead, he has taken the position that the "homosexual acts" he alleges in his complaint are enough for the "social stigma" reasoning to apply. It is not. The homosexual acts that the Plaintiff alleges were committed against him are the basis of his assault allegations and courts have often denied the protection of anonymity in cases where plaintiffs have alleged sexual assault. *See Doe v. Fam. Dollar Stores, Inc.*, No. 1:07-CV-1262-TWT-CCH, 2007 WL 9706836 (N.D. Ga. Oct. 17, 2007). Unless the Plaintiff is claiming he is homosexual (which he has not done), Plaintiff's true sexual orientation is not at issue in this case. The disclosure of the matters alleged in the Complaint do not qualify as matters of the "utmost intimacy."

B. <u>Threat of Physical Harm</u>

The Court now turns to Plaintiff's second argument as to why he should be allowed to proceed anonymously. Plaintiff contends that he is vulnerable to the harms of disclosure given

he is still a student at Spring Hill College and his identification poses a risk of retaliation and mental or physical harm. (Doc. 20). Plaintiff further argued that if not permitted to proceed anonymously, there is a risk of physical harm to Plaintiff by members of the community at large by many groups of protestors including those favoring homosexuality and those opposing it. (Doc. 20).

In *Doe v. Stegal*, the court allowed the plaintiffs to proceed under a pseudonym in their suit challenging prayer in school, explaining that there was evidence that the plaintiffs "may expect extensive harassment and perhaps even violent reprisals if their identities [were] disclosed[.]" 653 F.2d at 186. That evidence consisted of local newspaper reports of public reaction to the lawsuit voiced at a school board meeting, which included numerous and specific threats directed towards the plaintiffs. *Id*. at 182, n.6 and 186. The record evidence in *Stegal* indicated plaintiffs "may expect extensive harassment and perhaps even violent reprisals." *Id.* at 182. There is no such evidence in the instant record. The court's holding in *Stegal* was also based on the fact that the plaintiffs were children. *Id.*

In this case, Plaintiff cites two articles regarding Anti-LGBTQ protests, one specific to California and one generally nationwide, but has not provided any evidence of those protests occurring in Alabama or that he is even part of the LGBTQ community and would be targeted by any sort of protests were they to happen. "The threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." *Id*. at 186. Plaintiff has not provided any specific instances of threats or harassment from Defendants. He has not identified any real danger or physical harm he may face if he is not allowed to proceed anonymously. There is no evidence to support that Plaintiff has been threatened with physical harm by the wider

general public.[1]  Humiliation or embarrassment are not the types of harm this Court contemplates when evaluating real physical harm.  Furthermore, the persons most directly affected by, or interested in, Plaintiff's allegations already know Plaintiff's identity.  Allowing Plaintiff to proceed anonymously would not eliminate any perceived harm the Plaintiff wrongly believes he faces from the Defendants.

### C. Totality of the Circumstances

As previously stated, "[w]hether a party's right to privacy outweighs the presumption of openness is a 'totality-of-the-circumstances question.'"  *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (quoting *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. July 16, 2020)).  The presence of one factor is not dispositive. *Frank,* 951 F. 2d at 323.  While the Court sympathizes with Plaintiff's understandable concerns for privacy and fear of embarrassment and shame due to his religious beliefs, when looking at the totality of the circumstances, the Court finds that Plaintiff has demonstrated no reason why he has a privacy interest strong enough to override the judicial presumption of openness.

---

[1] After briefing was closed and the matter taken under submission by the Court, Plaintiff filed a "Motion to Correct Transcript and Leave to File Supplemental Evidentiary Materials." (Doc. 43). Defendants filed oppositions. (Docs. 44 and 45).  Although Plaintiff's Motion is to "correct" the transcript of the hearing of his motion to proceed with a fictitious name, he does not contend there is an error in the hearing transcript to correct.   Rather, Plaintiff seeks to add evidence to the record of an incident his "counsel inadvertently omitted discussing" at the hearing.  The incident was argued by counsel in a prior brief, but Plaintiff's Motion to Correct seeks to add a new declaration to the record.  Based on the foregoing, and for the reasons stated in Defendants' oppositions, Plaintiff's Motion to Correct (Doc. 43) is DENIED.  Even if Plaintiff had properly entered evidence of the proffered declaration in the record, it would not change the Court's determination on the motion to proceed with a fictitious name.  The proffered declaration is, Plaintiff "was approached by a stranger while jogging and called a 'faggot' after this pending lawsuit was filed and experienced a direct threat of physical harm."  This purported singular name-calling episode and unspecified threat do not, when considered in the "totality of the circumstances" of this record (*see* C., *infra*), outweigh the "'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Tuscaloosa City Sch. Bd. of Educ.*, 744 Fed. App'x. at 670 (citing *Frank*, 951 F.2d at 323).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed with Fictitious Name is DENIED.

Plaintiff shall file amended Complaint to include his real name.

**DONE and ORDERED** this 11th day of December, 2023.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE
