IN THE UNITED STATES COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>SPRING HILL COLLEGE, CRAIG MCVEY, & WILLIAM ROBERT TATE.<br><br>    Defendants. | Civil Action No.: 1:23-CV-340-JB-N |

**RESPONSE OF SPRING HILL DEFENDANTS TO
PLAINTIFF'S "REQUEST FOR ORDER REQUIRING
DEFENDANTS TO MAINTAIN PLAINTIFF'S ANONYMITY
IN THESE PROCEEDINGS PENDING APPEAL"**

COME NOW defendants Spring Hill College and Craig McVey ("SHC Defendants"), and object to Plaintiff's "Request for Order Requiring Defendants to Maintain Plaintiff's Anonymity in These Proceedings Pending Appeal" (Doc. 56).

1. This Court lacks jurisdiction to adjudicate plaintiff's motion. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

2.      Rule 62.1 of the Federal Rule of Civil Procedure prohibits this Court from granting the current motion. Under Rule 62.1, the district court may only: (1) defer considering the motion; (2) deny the motion; or (3) "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed.R.Civ.P. 62.1. If the district court chooses the third option, corresponding Appellate Rule 12.1 requires the movant to notify the circuit clerk. Fed.R.App.P. 12.1(a). Appellate Rule 12.1 allows but does not require the court of appeals to remand the issue for further proceedings. Fed.R.App.P 12.1(b). Only after this process has been completed may this Court conceivably grant the instant motion.

3.      The "collateral order doctrine" of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949), allowing the district court to proceed with issues separable from and collateral to the issue on interlocutory appeal, is not applicable here. Plaintiff is not seeking district court action on an issue that is collateral to and separable from the issue on appeal. Instead, Plaintiff is asking the court to expand upon the relief Plaintiff originally sought in his original and supplemental motions to proceed with fictitious name. (Docs. 13 and 20). The instant issue cannot be "collateral to" the issue before the Eleventh Circuit; the central question is whether the plaintiff has shown sufficient special circumstances entitling him to some form of anonymity or pseudonymity. If the Court of Appeals affirms this Court's

December 11 order, the issue presented in the instant motion is mooted entirely. Therefore, Plaintiff is not seeking a "collateral order," but an order that directly involves the subject matter of the issue currently on appeal.

4. The current motion (Doc. 56) asks this court to substantially expand upon the condition of Plaintiff's anonymity (actually pseudonymity) originally sought in the original and supplemental motions "to proceed with fictitious name" (Docs. 13 and 20) and denied in the Court's December 11, 2023 order (Doc. 46). The initial motions sought only to allow the plaintiff not to name himself in the complaint in contravention of Fed.R.Civ.P. 10(a). The current motion, however, asks the Court not only to maintain the status quo with respect to the Court's December 11 order requiring Plaintiff to file an amended complaint, but also to restrict the Defendants from referring to Plaintiff's real name "in any pleadings *or other matters related to this action*." (Doc. 56 p. 2 ¶ 6) (emphasis added). Plaintiff's requested relief extends from the original and supplemental motions – seeking the anonymity or pseudonymity of the plaintiff – but seeks to expand it by imposing obligations on Defendants.

5. The order denying Plaintiff's motions to proceed with fictitious name imposed no obligations on any defendant. The order required Plaintiff to "file [an] amended Complaint to include his real name." (Doc. 46 p. 6). Plaintiff moved "to stay the implementation of the requirements in this Court's Order (Doc. 46)." (Doc.

48). The motion to stay did not seek to impose any obligations on any defendant, and the brief order granting the motion to stay (Doc. 49) did not impose any obligations on any Defendant.

6. The restriction Plaintiff seeks to impose on Defendants is overly broad and not supported by any legal authority. Plaintiff cites no precedent for the proposition that a Defendant should be restricted from referring to the name of a plaintiff "in any . . . other matters related to this action." That request is the equivalent of a complete "gag order" impeding the Defendants' ability to defend against Plaintiff's allegations. Such an order would violate Defendants' rights to due process under the fifth amendment to the United States Constitution. For example, Plaintiff's requested restriction would prohibit Defendants from using Plaintiff's name in conferring with potential witnesses, experts, co-defendants and other persons necessary for the effective and efficient defense of this litigation. Furthermore, restricting Defendants' ability to use Plaintiff's name "in any . . . other matters related to this action," while freely allowing Plaintiff to use the name of any Defendant (or witness), would violate the equal protection component of the fifth amendment's due process clause; treating opposing parties to litigation differently in this regard would be arbitrary, capricious, and without any rational basis. In addition, restricting Defendants' ability to refer to plaintiff by name to other parties would violate Defendants right to freedom of speech and association in violation of

the first amendment to the United States Constitution. Plaintiff has posited no argument or authority showing Plaintiff's rights are superior to these constitutionally-protected interests of Defendants. To the extent the motion is considered on its merits, it should be denied.

Respectfully submitted this 7th day of March, 2024.

Respectfully submitted,

/s/ James C. Pennington
James C. Pennington, ASB-1287-N62J
Amy Quick Glenos, ASB-2345-C66A
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
420 20th Street North, Suite 1900
Birmingham, AL  35203
Telephone:  205-328-1900
Facsimile:  205-328-6000
james.pennington@ogletree.com
amy.glenos@ogletree.com

***Attorneys for Defendants Spring Hill College and Craig McVey***

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**COUNSEL FOR PLAINTIFF | John Doe**
Jamie A. Johnston, Esq.
JAMIE A. JOHNSTON PC
509 Cloverdale Road, Suite 101 (36106)
PO Box 4663
Montgomery, AL 36103
P: 334-202-9228 | F: 334-265-8789
jamie@jjohnstonpc.com

**COUNSEL FOR DEFENDANT | William Robert Tate**
Lana E. Bell, Esq.
Lisha L. Graham, Esq.
WHITE ARNOLD & DOWD P.C.
2001 Park Place North, Suite 1400
Birmingham, AL 35203
P: 205-323-1888 | F: 205-323-8907
lbell@whitearnolddowd.com
lgraham@whitearnolddowd.com

**COUNSEL FOR DEFENDANT | William Robert Tate**
Curtis H. Seal, Esq.
WHITE ARNOLD & DOWD P.C.
2025 Third Avenue North, Suite 500
Birmingham, AL 35203
P: 205-323-1888 | F: 205-323-8907
cseal@whitearnolddowd.com

　　　　　　　　　　　　　　　　　　*/s/ James C. Pennington*
　　　　　　　　　　　　　　　　　　OF COUNSEL